

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2013

# In Re: Harvey Short

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-3650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Harvey Short " (2013). *2013 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-007                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3650
_____

IN RE:  HARVEY PATRICK SHORT,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-13-cv-02236)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 10, 2013

Before: SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 22, 2013)
_____

OPINION
_____

PER CURIAM

        On April 25, 2013, Harvey Patrick Short filed a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, in the District Court.  The petition was referred to a

Magistrate Judge on May 10, 2013.  The District Attorney was granted an extension of

time to file an answer, which is due on or before October 25, 2013.

        On September 5, 2013, Short filed the present petition for a writ of mandamus

asking us to compel the District Court to adjudicate his habeas petition.  Mandamus is a

drastic remedy available in only the most extraordinary circumstances.  In re Diet Drugs

Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  Although we may issue a writ of

mandamus when a district court's "undue delay is tantamount to a failure to exercise

jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), there has been no such

delay here.  The District Attorney has yet to respond to Short's habeas petition.  Once

that response is filed, we are confident that the District Court will rule on Short's habeas

petition in a timely manner.  Accordingly, we will deny the mandamus petition.